**In re HOTEL MT. LASSEN, INC., Debtor.**

**Arlin BILLINGTON, individually and dba Coast to Coast—Susanville, Plaintiff,**

v.

**Marvin WINOGRADE and Karen Winograde, individually and doing business as Hotel Mt. Lassen, Defendants.**

**And Related Actions.**

**Bankruptcy No. 92–29645–C–11. Adversary Nos. 96–2838, 97–2112, 97–2113, 97–2114, and 97–2115.**

United States Bankruptcy Court, E.D. California.

April 15, 1997.

937

Craig A. Kellison, Susanville, CA, for plaintiff.

Lester F. Winograde, Santa Monica, CA, and William E. Kruse, Sacramento, CA, for defendants.

## OPINION

CHRISTOPHER M. KLEIN, Bankruptcy Judge:

This is a motion to remand five civil actions that were removed from state court under 28 U.S.C. § 1452. Resolution of the motion requires determination of issues regarding: (1) the post-confirmation effect of a chapter 11 plan of reorganization; (2) subject matter jurisdiction; and (3) remand procedure.

The court concludes that the plan of reorganization confirmed in this case does not provide for federal subject matter jurisdiction over the removed actions, that there is no other basis for federal jurisdiction, that there is no deadline for making the motion to remand, and that the pertinent remand statute, in light of the U.S. Supreme Court's recently-announced "comfortable coexistence" principle, is 28 U.S.C. § 1447(c), which authorizes a discretionary award of attorney fees and costs. Thus, the action will be ordered remanded to the state court, with jurisdiction reserved over the issue of attorney fees and costs.

## FACTS

Five civil actions were filed in Lassen County Municipal Court against Marvin Winograde and Karen Winograde (the "Winogrades"), individually, and doing business as Hotel Mt. Lassen pursuant to a fictitious

business name statement filed in 1989. The plaintiffs are suppliers.

The actions were removed under the bankruptcy removal statute, 28 U.S.C. § 1452, by Hotel Mt. Lassen, Inc., the corporate debtor in this chapter 11 case. The business of the debtor was the operation of a dilapidated hotel in Susanville, California, that had various stores on its ground floor.

The Winogrades, who had owned and operated the hotel since 1989, formed the corporation in 1992 and are its sole shareholders, officers, and directors. They did not, however, revoke the fictitious business name statement.

This chapter 11 case was filed about six months after incorporation. The debtor operated as a debtor in possession until a chapter 11 trustee was appointed.

The Second Amended Chapter 11 Trustee's Plan Of Liquidation And Distribution was confirmed and not appealed. The plan called for the estate to continue in existence with the chapter 11 trustee serving as Plan Administrator while he liquidated all or substantially all of the property of the estate pursuant to sales transactions that were then projected but which required that certain financing be secured to rehabilitate the premises. The automatic stay would remain in effect so long as the property remained property of the estate. There would be no discharge of the debtor.

The Plan Administrator ultimately despaired of selling the property after the projected transactions fell through. His motion for authority to abandon the hotel and the business as being of inconsequential value and benefit to the estate pursuant to 11 U.S.C. § 554 was granted in August 1995, at which time it ceased to be property of the estate protected by the automatic stay.

The removed civil actions, which were all filed within four months after August 1995, are brought against the Winogrades individually seeking to collect unpaid bills. The debtor corporation is not a party. The civil actions are premised solely upon theories of individual liability under state law.

I

A threshold issue in this contested matter [1] is the timeliness of the motion to remand. Although the removal was accomplished pursuant to the bankruptcy removal statute, 28 U.S.C. § 1452(a), the motion to remand invokes both the bankruptcy remand statute, 28 U.S.C. § 1452(b),[2] and the general federal remand statute, 28 U.S.C. § 1447(c).[3]

The removing defendants, relying upon the 30–day deadline in § 1447(c) for challenging procedural defects in removals, oppose the motion to remand as untimely because it was made more than 30 days after removal. The motion is, however, timely for two independent reasons.

---

1. Federal Rule of Bankruptcy Procedure 9027(d) specifies that the motion to remand is a separate "contested matter" under Federal Rule of Bankruptcy Procedure 9014. Fed.R.Bankr.P. 9027(d). It is a "core proceeding." 28 U.S.C. § 157(b)(2)(A). To the extent that it may later be deemed to be a noncore proceeding, the parties are nevertheless agreed that it may be heard and determined by a bankruptcy judge.

2. That section provides:

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452(b).

3. That section provides:

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

11 U.S.C. § 1447(c), *as amended by* Act of October 1, 1996, Pub.L. 104–219, 110 (substituting "any defect other than lack of subject matter jurisdiction" for "any defect in removal procedure").

### 1.

First, the motion is timely because the remand procedure prescribed by § 1447(c), which includes the 30–day time limit, does not preempt the different remand procedure that applies to § 1452(b), which permits remand on "any equitable ground" without mentioning a time limit.

Federal Rule of Bankruptcy Procedure 9027(d)[4] provides the procedure for remands under § 1452(b). It requires that the motion be treated as a "contested matter" but does not specify a time within which remand must be requested. Section 1452(b) is similarly silent.

There being no specified deadline, any motion to remand under § 1452(b) and Rule 9027(d) is timely. The timing of the motion, however, counts as an equitable factor that is relevant to remand. Accordingly, unreasonable delay in making such a motion may weigh against remand when the court is deciding whether to remand on "any equitable ground." 1 COLLIER ON BANKRUPTCY ¶ 3.07[5], at 3–87 (Lawrence P. King et al. eds., 15th ed. rev. 1996); *cf. Chambers v. Marathon Home Loans (In re Marathon Home Loans)*, 96 B.R. 296, 300 (E.D.Cal. 1989).

The Supreme Court's decision in *Things Remembered, Inc. v. Petrarca*, — U.S. —, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995), does not compel a different result. That decision, which holds that § 1447(c) and § 1452(b) can "comfortably coexist in the bankruptcy context", means that § 1447(c) can be applied to bankruptcy removals and remands instead of (or to fill gaps in) § 1452(b) and its implementing rules when: (1) the preconditions of § 1447 are satisfied; and (2) doing so would not be inconsistent with § 1452(b). *Things Remembered*, — U.S. at —, 116 S.Ct. at 497.

The principle of comfortable coexistence for § 1447(c) and § 1452(b) requires that the procedures of § 1452(b), as implemented by Federal Rule of Bankruptcy Procedure 9027, be given effect. The imposition of § 1447(c)'s strict 30–day deadline for challenging procedural defects would be uncomfortably inconsistent with the liberal, "any equitable ground" approach to bankruptcy remands. Hence, § 1447(c) does not preempt § 1452(b).[5]

### 2.

Second, the motion is timely because it raises the question of subject matter jurisdiction. The 30–day time limit in § 1447(c) applies only to motions that are based on "any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c), *as amended by* Act of Oct. 1, 1996, Pub.L. No. 104–219, 110 Stat. 3022. In contrast, consistent with well-understood rules of jurisprudence, motions based on lack of subject matter jurisdiction may be filed at any time before final judgment. 14A Charles Alan Wright et al., FEDERAL PRACTICE & PROCEDURE § 3739 (2d ed. 1985 & 1996 Supp.).

---

4. The rule provides:
    (d) Remand. A motion for remand of the removed claim or cause of action shall be governed by Rule 9014 and served on the parties to the removed claim or cause of action.
    Fed.R.Bankr.P. 9027(d).

5. Sometimes both subsections will simultaneously apply in a situation in which the application of one would do no violence to the other.
    For example, in *Things Remembered*, a removal under both § 1441(a) and § 1452(a) was untimely under both § 1446(b) (which specifies time limits for the general federal removal statute) and under Rule 9027(a) (which specifies time limits for removals under § 1452(a)).
    The removed action was ordered remanded by the district court in an appeal reversing the bankruptcy court's ruling denying a motion to remand that was timely made under § 1447(c) and, a fortiori, timely under Rule 9027(d) and § 1452(b).
    The court of appeals reversed the district court notwithstanding substantially identical language in § 1447(d) and § 1452(b) prohibiting review by the courts of appeals.
    The Supreme Court, in reviewing the power of the court of appeals to review the district court's remand decision, chose to treat the remand under § 1447(c) as a "timely raised defect in removal procedure" rather than under § 1452(b) as being on "any equitable ground." In consequence, the Supreme Court enforced the appeal prohibition in § 1447(d) without reaching the appeal prohibition in § 1452(b).

## II

The removing defendants contend there is subject matter jurisdiction. Relying on the false premise that the debts of the corporation were automatically discharged when the plan of reorganization was confirmed, they argue that the actions against the individual owners of the debtor corporation impermissibly interfere with the plan of reorganization. They misapprehend the terms and effect of the plan of reorganization that was confirmed in this case.

### A

■ Federal subject matter jurisdiction over civil actions between nondiverse, non-debtors based on state law exists, if at all, only if the civil actions are "related to" the underlying bankruptcy case of Hotel Mt. Lassen, Inc. 28 U.S.C. § 1334(b).

The test for "related to" jurisdiction under § 1334(b) is the Third Circuit's so-called *Pacor* test, which the Ninth Circuit expressly adopted in *Fietz v. Great Western Savings (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988). A matter, for purposes of § 1334(b), is "related to" a bankruptcy case if:

> [T]he outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir.1984) (emphasis and citations omitted);

*Fietz,* 852 F.2d at 457 (adopting *Pacor* test). *See also Celotex Corp. v. Edwards,* 514 U.S. 300, ——, 115 S.Ct. 1493, 1499, 131 L.Ed.2d 403 (1995) (discussing *Pacor* test with approval).[6]

As applied to a chapter 11 case in the post-confirmation phase, the specific inquiry is into the extent to which there is an interference with the accomplishment of the terms of the confirmed plan of reorganization.

### B

The effect on federal subject matter jurisdiction of a confirmed plan of reorganization requires careful review of the particular plan because the terms of plans vary widely and make all the difference.

The plan in this case was a liquidating plan that was proposed by the chapter 11 trustee, who became the Plan Administrator. It provided that there would be a liquidation of substantially all property of the estate, that the estate would remain in existence, that the Plan Administrator would perform the duties of a trustee, and that property of the estate would continue to be protected by the automatic stay while he attempted to sell the hotel property.

■ No debts were discharged because the plan stated that debts were not being discharged. 11 U.S.C. § 1141(d)(1). Moreover, discharges are, as a matter of law, not permitted for debtors that are not individuals and that have substantially all their assets liquidated and that do not remain in business. 11 U.S.C. § 1141(d)(3).

■ Nor were third parties released of liabilities under the Hotel Mt. Lassen plan of reorganization. The basic rule is that a bankruptcy discharge does not relieve third

---

6. Actually, the Supreme Court simultaneously blessed and condemned the *Pacor* decision. The Supreme Court discussed the *Pacor* test for "related to" jurisdiction with approval in a decision in which it was squarely rejecting the *Pacor* court's analysis of reviewability of the remand order. The Third Circuit concluded that the prohibition of review by courts of appeals imposed by § 1447(d) did not apply to a remand for lack of subject matter jurisdiction when removal was predicated on the bankruptcy removal statute and that the prohibition of review of remands in the bankruptcy removal statute only applied to "equitable" remands, which did not include remands for lack of subject matter jurisdiction. *Compare Pacor,* 743 F.2d at 987–93, with *id.,* 743 F.2d at 994–96. The Supreme Court, implicitly agreeing that lack of subject matter jurisdiction is not an "equitable" ground for remand under § 1452(b), held that the appellate prohibition in § 1447(d) does apply to removal accomplished under the bankruptcy removal statute. *Things Remembered,* —— U.S. at ——, 116 S.Ct. at 497 ("We reach the same conclusion regardless of whether removal was effected pursuant to § 1441(a) or § 1452(a)").

parties of their obligations. 11 U.S.C. § 524(e). Controlling authority in this and other circuits holds that the bankruptcy court lacks the authority to compel third-party releases as part of a plan of reorganization. *Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394, 1401–02 (9th Cir.1995); *American Hardwoods, Inc. v. Deutsche Credit Corp. (In re American Hardwoods, Inc.)*, 885 F.2d 621, 626 (9th Cir.1989); *cf., e.g., In re Specialty Equip. Cos.*, 3 F.3d 1043, 1045–47 (7th Cir.1993). *But see, e.g., In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285 (2d Cir.1992); *In re A.H. Robins Co.*, 880 F.2d 694 (4th Cir. 1986).

■ Any third-party release in connection with a plan or reorganization, at a minimum, must be fully disclosed and purely voluntary on the part of the releasing parties and cannot unfairly discriminate against others. In the Ninth Circuit and other jurisdictions that prohibit compelled third-party releases, any third-party release associated with a plan of reorganization draws its vitality from its status as a voluntary contractual agreement between the releasing and the released parties, rather than by virtue of the court's order confirming the plan.[7] *See* Peter E. Meltzer, *Getting Out of Jail Free: Can the Bankruptcy Plan Process Be Used to Release Nondebtor Parties?* 71 Am. Bankr.L.J. 1 (1997). Since the Hotel Mt. Lassen plan had no provision for third-party releases and made no pretense to comply with these requirements, there was no release of third parties.

■ The debtor is not a party to the removed actions. Under the *Pacor (Fietz)* test, it does not appear that pursuing the debtor's principals on theories of individual liability would interfere with the Plan Administrator's duties under the plan.

In sum, nothing in the plan explicitly provides for jurisdiction over actions against third parties. And no feature of the plan

otherwise warrants the exercise of such jurisdiction.

### C

■ If the debtor corporation were to be deemed a party or the real party in interest, subject matter jurisdiction is nevertheless wanting. The Plan Administrator formally abandoned the hotel and its operation under 11 U.S.C. § 554(a) six months after the plan was confirmed, at which time the property lost its character as property of the estate, passed out of the trustee's hands, and the automatic stay terminated.

If the plaintiffs were to achieve judgments against the corporation and have the sheriff seize and sell the hotel, that would be of no interest to the Plan Administrator.

No action by the plaintiffs against the debtor's principals or against the hotel property would in any way impact upon the handling and administration of the bankruptcy estate, which at this juncture appears to be an empty shell. Thus, the removed actions are not "related to" the bankruptcy case within the meaning of 28 U.S.C. § 1334(b). There being no other apparent basis for exercising subject matter jurisdiction, there is no federal subject matter jurisdiction. Accordingly, the removed actions must be remanded.

### III

The next question is whether § 1452(b) or § 1447(c) of title 28 governs the remand of an action for lack of federal subject matter jurisdiction when the initial removal was accomplished under the bankruptcy removal statute, 28 U.S.C. § 1452. The distinction makes a difference because § 1447(c) expressly authorizes an award of costs and attorney fees.

This question necessitates another "comfortable coexistence" analysis under *Things Remembered*, —— U.S. at ——, 116 S.Ct. at 497, with a focus, this time, upon whether there is a material inconsistency between

**7.** Although the Ninth Circuit's decisions in *Lowenschuss* and *American Hardwoods* do not discuss the permissibility of purely consensual third-party releases, the logic of those decisions does not preclude them. Moreover, such consensual arrangements are commonly proposed in Ninth Circuit bankruptcy courts in connection with plans that are confirmed and, perhaps because of the consensual nature of the releases, are rarely appealed.

§ 1452(b) and § 1447(c) with respect to lack of subject matter jurisdiction.[8]

Section 1452(b) permits "remand on any equitable ground" and is silent about subject matter jurisdiction. The bankruptcy remand authority is much broader than the general federal removal statute, 28 U.S.C. §§ 1441-47, which permits remand only for defective removal or for lack of subject matter jurisdiction.

■ The broader authority to remand in bankruptcy matters is significant. The power to remand bankruptcy matters on "any equitable ground" manifests the legislative reversal by the Congress of the common law rule that a court with jurisdiction must exercise such jurisdiction whenever asked to do so. *Swift v. Bellucci (In re Bellucci)*, 119 B.R. 763, 771 (Bankr.E.D.Cal.1990); *see also* 28 U.S.C. § 1334(c) (liberal abstention).[9]

■ "Equitable grounds" are understood to be what is "reasonable, fair, and appropriate" without reference to the historical distinction between law and equity. *Things Remembered,* — U.S. at ——, 116 S.Ct. at 499–500 (Ginsburg, J., concurring); *Cathedral of the Incarnation v. Garden City Co. (In re Cathedral of the Incarnation)*, 90 F.3d 28, 32 (2d Cir.), *rehearing denied,* 99 F.3d 66 (2d Cir.1996); *Hernandez v. Brakegate, Ltd.,* 942 F.2d 1223 (7th Cir.1991).

■ Accordingly, "equitable grounds" for § 1452(b) remand have been interpreted to include inconvenient forum, deference to the expertise of the original forum, and preference for having an entire dispute resolved in one court. 2 COLLIER ON BANKRUPTCY ¶ 3.07[5], at 3–85 (Lawrence P. King et al. eds., 15th. ed. rev. 1996). And equitable grounds also include procedurally defective removals. *Id.* at 3–87.

But there is a gap in § 1452(b) that is not filled by Rule 9027. There is nothing "equitable" or "reasonable, fair, or appropriate" about subject matter jurisdiction. Where subject matter jurisdiction is lacking, remand is plainly mandatory without reference to the equities of the situation.[10] Indeed, such a remand may actually be unfair or inappropriate in some important respect, but, without a basis for federal subject matter jurisdiction, nevertheless required.

■ Section 1447(c) fills that gap by providing expressly for remand for lack of subject matter jurisdiction. Unlike the question of the timing of the motion to remand, there is no material inconsistency between § 1447(c) and § 1452(b) in the context of lack of subject matter jurisdiction. This is the type of comfortable coexistence that the Supreme Court had in mind in *Things Remembered.*[11]

**8.** Not every inconsistency is necessarily material. For example, in *Things Remembered,* there was a nominal difference between the two prohibitions of appellate review. Review by the district court or a bankruptcy appellate panel under 28 U.S.C. § 158(a) is not prohibited by § 1452(b). In contrast, § 1447(d) is silent on the point, but, for constitutional reasons relating to the tenure of bankruptcy judges, likely would be construed similarly to permit review by a district court or bankruptcy appellate panel.

**9.** Legislative history clarifies that the Congress was deliberately reversing the general common law rule that courts with jurisdiction must exercise jurisdiction when asked to do so. S.Rep. No. 95–989, 95th Cong. 35 (1978); H.Rep. No. 95–595, 95th Cong. 325 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787; *Bellucci,* 119 B.R. at 771 n. 18. The existence of the federal version of that common law rule creates the need for the various abstention doctrines (e.g., *Colorado River, Burford,* and *Pullman* abstention) that apply in federal jurisprudence. *See Colorado River Conservation Dist. v. United States,* 424 U.S. 800, 817–18, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483

(1976) ("the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them"); 17 MOORE'S FEDERAL PRACTICE § 120.22[1] (Daniel R. Coquillete et al. eds., 3d ed.1997).

**10.** Under another view, the term "equitable" can be read expansively to cover lack of subject matter jurisdiction. *See Things Remembered,* — U.S. at ——, 116 S.Ct. at 498–501, 133 L.Ed.2d 461 (Ginsburg, J., concurring); *Personette, Midgard Corp. v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 775 n. 13, (10th Cir. BAP 1997) (dictum); *Chambers,* 96 B.R. at 300 (dictum).

**11.** Another example of a gap filled by § 1447(c) relates to what happens after § 1452(b) remand is ordered: "A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." 28 U.S.C. § 1447(c). Neither § 1452(b) nor Rule 9027 addresses the matter. Until such time as Rule 9027 is amended (as it should be) to cover the matter, § 1447(c) fills the gap, subject to a gloss that the remand order must be final, which gloss is ne-

Accordingly, the removed actions will be remanded pursuant to § 1447(c).

## IV

Section 1447(c) provides that a remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Since the use of the verb "may" connotes discretion, the decision to order an award of attorney fees is within the discretion of the court. *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir.1992); *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 325 (10th Cir.1994); *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 923 (2d Cir.1992).

Bad faith need not be shown before making a fee award under § 1447(c). *Moore*, 981 F.2d at 446–47; *Daleske*, 17 F.3d at 324; *Morgan Guar. Trust*, 971 F.2d at 923.

The nature of the conduct of the removing defendants is nevertheless relevant to the exercise of discretion. *Moore*, 981 F.2d at 447; *Daleske*, 17 F.3d at 323; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir.1993) ("the propriety of the defendant's removal continues to be central in determining whether to impose fees").

This is an instance in which attorney fees are justified. In the course of this matter, the removing defendants have made a number of misstatements of law and fact to the plaintiffs. They have, for example, represented to their adversaries that the debts in question were discharged in the chapter 11 case and that any personal liability on their own account was extinguished. The plan of reorganization plainly provides that the corporation's debts are not discharged and does not provide for third-party releases.

Although the court does not conclude that the removing defendants acted in bad faith,

the fact remains that they have visited unnecessary legal expenses upon the plaintiffs in a cause that was of dubious merit and that should not have been in federal court. If the removing defendants want the benefits of federal bankruptcy protection, they will have to file their own bankruptcy cases. It is appropriate that the court exercise its discretion in this case to award attorney fees.

A fee award under § 1447(c) is not a punitive measure. Rather, it is reimbursement to the plaintiffs of unnecessary litigation costs that were inflicted by the defendants. *Moore*, 981 F.2d at 447.

The amount of the fee award will need to be determined by separate motion because the evidentiary record is not adequate to enable a just determination.

A federal court may retain jurisdiction over a § 1447(c) fee award as a collateral matter after the remand is accomplished. *Moore*, 981 F.2d at 445. Accordingly, jurisdiction will be retained to entertain the fee award after remand.

\* \* \* \* \* \*

An appropriate order will issue resolving this contested matter in a separate document as required by Federal Rule of Civil Procedure 58 and Federal Rule of Bankruptcy Procedure 9021.

---

cessitated by the availability under § 1452(b) of appeal of the bankruptcy court's order by the district court.

For purposes of clarity, the order remanding the adversary proceedings will include the following administrative instruction to the Clerk of the bankruptcy court that is modeled as § 1447(c), with an adjustment that accommodates the availability of review by the district court or bankruptcy appellate panel under 28 U.S.C. § 158: "The Clerk of the court shall, upon the expiration of the time in which a notice of appeal may be filed, mail a certified copy of this order of remand to the Clerk of the Lassen County Municipal Court. The state court may thereupon proceed with the remanded civil actions."