In re CICLON NEGRO, INC., Debtor.

Texas Gulf Trawling Co.,
Inc., Plaintiff,

v.

RCA Trawlers & Supply, Inc.
and Patricio Ahumada,
Defendants.

Bankruptcy No. 94–21338–B–11.
Adversary No. 96–2054–B.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

April 3, 2001.

---

Antonio Villeda, Kelly K. McKinnis, McAllen, TX, for debtor.

## OPINION

MANUEL D. LEAL, Bankruptcy Judge.

Pending before this Court is Texas Gulf Trawling's Motion For Reconsideration Of Remand Order, and Texas Commerce Bank, N.A.'s Motion For Reconsideration Of Order On Remand. For the reasons provided below, the adversary is remanded to State Court pursuant to 28 U.S.C. § 1452(b).

### PROCEDURAL HISTORY

The pleadings which have been considered by this Court since reassignment of the adversary November 2, 1999 to Judge Leal include those filed after November 3, 1999 in addition to any pleadings pending at that time. At the time of reassignment of the adversary, there were pending two motions for summary judgment, one filed by Texas Gulf Trawling and another by Texas Commerce Bank. The motions for summary judgment were denied on March 2, 2001 in a Memorandum Opinion issued March 5, 2001.

The Court's records reflect that Chief Judge Schmidt had remanded this adversary to state court in 1997. However, the record also showed that he had stayed his 1997 remand order because of the motions for summary judgment then recently filed by Texas Gulf Trawlers and Texas Commerce Bank. Having decided these summary judgment motions in March, 2001, this Court felt compelled to lift Judge Schmidt's stay order and allow his earlier order remanding this adversary to state court to take effect. Texas Commerce Bank and Texas Gulf Trawlers then filed motions with this Court to reconsider its order vacating Chief Judge Schmidt's stay order which were denied March 9, 2001.

On March 12, 2001 this Court became aware of another order by Chief Judge Schmidt where he had vacated his 1997 remand order. Therefore, this Court on March 12, 2001 withdrew its recent orders concerning remand and announced that it would issue an opinion. This is that opinion.

### ANALYSIS

This lawsuit was removed from state court by Third Party Defendant, Texas Commerce Bank pursuant to 28 U.S.C. § 1452(a), Rule 9027, Rules of Bankruptcy Procedure, and Rule 9027, Bankruptcy Local Rules for the U.S. Bankruptcy Courts for the Southern District of Texas, Brownsville Division. The bankruptcy removal statute, 28 U.S.C. § 1452(a), states in pertinent part that [a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. Section 1452(b), the provision for remanding an action removed under § 1452(a), provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Section 1452(b) further provides that "[a]n order entered under this subsection remanding a claim or cause of action ... is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title ...". Accordingly, Congress has prohibited appellate court review of remands based on equitable grounds when removal invokes the federal court's bankruptcy jurisdiction under § 1334. *See* 28 U.S.C. § 1452(b); *see also Hawking v. Ford Motor Credit Co.*, 210 F.3d 540, 550 (5th Cir.2000); *In re U.S. Brass Corp.*, 110 F.3d 1261, 1265–66 (7th Cir.1997); *Ariail Drug Co., Inc. v. Recomm Int'l Display, Inc.*, 122 F.3d 930, 934 (11th Cir.1997); *In re Cathedral of the Incarnation*, 99 F.3d 66, 67–69 (2d Cir.

1996); *Browning v. Navarro*, 743 F.2d 1069, 1076–77 (5th Cir.1984).

### RELATIONSHIP BETWEEN §§ 1441, 1447 & 1452

■ There are only two instances where removing a state court lawsuit to a federal bankruptcy court is appropriate— where removal is permitted under the bankruptcy removal statute, 28 U.S.C. § 1452(a), or under the general removal statute, 28 U.S.C. § 1441. *See Foxmeyer Corp. v. McKesson Corp. (In re Foxmeyer Corp.)*, 230 B.R. 791, 794–95 (Bankr. N.D.Tex.1998); *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128–29, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (holding that "[t]here is no express indication in § 1452 that Congress intended that statute to be the exclusive provision governing removals and remands in bankruptcy"). The statutory provision relied upon to remove the state court lawsuit determines which scheme is substantively applied when deciding whether to remand the case. Section 1447 governs remand of cases previously removed under § 1441(a), whereas § 1452(b) was enacted to govern remand of bankruptcy related claims or causes of action removed under § 1452(a). *See In re Hofmann*, 248 B.R. 90, 93–94 (Bankr. W.D.Tex.2000). As stated by that Court:

> Section 1447(c)does not apply to removals under § 1452. Bankruptcy removal has its own independent scheme—its own standard for accomplishing removal, its own procedural rules, its own removal mechanism. *See* 28 U.S.C. § 1452; Fed. R. Bankr.P. 9027. The general removal statute and its processes, while well-suited for discrete litigation, are not designed to handle the unique demands of the bankruptcy process. Section 1447(c) functions appropriately as a deterrent to improper removal in the context of ordinary litigation. Its deterrent

function is less appropriate when applied in the specialized context of bankruptcy. *Id.* at 93.

■ Texas Commerce Bank, a Third Party Defendant, relied solely on 28 U.S.C. § 1452(a) as its statutory authority to remove the state court lawsuit. The removal standard in this section is more generous than the ones provided for in the general removal statute, 28 U.S.C. § 1441. *See In re Hofmann*, 248 B.R. at 93–94. Section 1452(a) does not set standards for invoking removal in bankruptcy cases, hence removal is virtually automatic. *Id.* at 93. Once a state court lawsuit has been removed pursuant to § 1452(a), the court "may remand such claim or cause of action *on any equitable ground.*" 28 U.S.C. § 1452(b) (emphasis added). Conforming with the generous standard in § 1452(a), the equity standards governing remand under § 1452(b) provide the bankruptcy courts with a much broader range of discretion in deciding whether to remand than under the technical and procedural requirements prescribed in § 1447(c). *See In re Hofmann*, 248 B.R. at 94; *Browning*, 743 F.2d at 1076 n. 21.

■ Notwithstanding that the lawsuit was removed specifically under § 1452(a), Texas Commerce Bank and Texas Gulf Trawling argue in their motions to reconsider that the remand is time barred under 1447(c). This same issue was addressed by Judge Klein in *In re Hotel Mt. Lassen, Inc.*, 207 B.R. 935, 939 (Bankr.E.D.Cal. 1997). In that case, the court noted that the remand procedures listed in § 1447(c) specifically provide a 30–day time limit for motions to remand. *See id.* at 939; 28 U.S.C. § 1447(c). Section 1452(a), on the other hand, specifically provides that the action can be remanded on any equitable ground without any mention of a time limit. Similarly, Federal Rule of Bankruptcy Procedure 9027(d), which provides the pro-

cedures for remand under § 1452(b), fails to provide any time limits for requesting remand of removed claims or causes of action. Accordingly, Judge Klein held that § 1447(c) does not preempt the different remand procedures prescribed in § 1452(b). *In re Hotel Mt. Lassen*, 207 B.R. at 939.

The court in *In re Hotel Mt. Lassen* distinguished its holding from the Supreme Court's decision in *Things Remembered.* That case involved the issue of whether an appeals court lacked jurisdiction to review a bankruptcy court's decision to remand a lawsuit previously removed under both §§ 1441(a) and 1452(a). In reviewing the interplay between §§ 1447(d) and 1452(b), the Supreme Court stated that:

> There is no express indication in § 1452 that Congress intended that statute to be the exclusive provision governing removals and remands in bankruptcy. Nor is there any reason to infer from § 1447(d) that Congress intended to exclude bankruptcy cases from its coverage. The fact that § 1452 contains its own provision governing certain types of remands in bankruptcy ... does not change our conclusion. There is no reason §§ 1447(d) and 1452 cannot comfortably coexist in the bankruptcy context. We must, therefore, give effect to both.

*Things Remembered*, 516 U.S. at 129, 116 S.Ct. 494. At first glance, it appears that the Court's holding could be extended to apply the time limit imposed for remand under § 1447(c) to all remands under § 1452(b). However, as Judge Klein pointed out:

> ... [A]ny motion to remand under § 1452(b) and Rule 9027(d) is timely.... The Supreme Court's decision in *Things Remembered, Inc. v. Petrarca* ... does not compel a different result. That decision, which holds that § 1447(c) and

§ 1452(b) can "comfortably coexist in the bankruptcy context", means that § 1447(c) can be applied to bankruptcy removals and remands instead of (or to fill gaps in) § 1452(b) and its implementing rules when: (1) the preconditions of § 1447 are satisfied; and (2) doing so would not be inconsistent with § 1452(b). *Things Remembered*, 516 U.S. at 127–29, 116 S.Ct. at 497.

> The principle of comfortable coexistence for § 1447(c) and § 1452(b) requires that the procedures of § 1452(b), as implemented by Federal Rule of Bankruptcy Procedure 9027, be given effect. The imposition of § 1447(c)'s strict 30–day deadline for challenging procedural defects would be uncomfortably inconsistent with the liberal, "any equitable ground" approach to bankruptcy remands. Hence, § 1447(c) does not preempt § 1452(b).

*In re Hotel Mt. Lassen*, 207 B.R. at 939.

If this lawsuit had been removed pursuant to § 1441 and not § 1452(a), then the Defendant's argument would be more persuasive. But this lawsuit was not removed pursuant to § 1441. It was removed under the provisions of § 1452(a). This Court agrees with the holding in *In re Hofmann* to the extent it is not in direct conflict with the Supreme Court's decision in *Things Remembered.* Furthermore, the Court agrees with the reasoning in *In re Hotel Mt. Lassen* and holds that § 1447(c) does not preempt the remand procedures pursuant to § 1452(b) in this adversary.

Under 28 U.S.C. § 1447(c), "[a] motion to remand the case *on the basis of any defect other than lack of subject matter jurisdiction* must be made within 30 days" after filing the notice of removal. (emphasis added). In this case, the issue whether to remand the adversary proceeding is not based on a procedural defect, hence the

30–day time limit under § 1447(c) does not apply. *See Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 457 (5th Cir.1998); *In re Hotel Mt. Lassen*, 207 B.R. at 939; *see also In re Allstate Insurance Co.*, 8 F.3d 219, 221 (5th Cir.1993). Instead, the decision to remand is based solely on principles of equity as clearly provided for in § 1452(b). Accordingly, this Court holds that the limits imposed under § 1447(c) do not apply in determining whether to remand the adversary to state court pursuant to § 1452(b).

*Remand under § 1452(b)*

■ Generally, a federal bankruptcy court does not have to rely upon a motion by any party to remand a case under § 1452(b). Instead, the court can consider, upon its own motion, its jurisdiction over the subject matter and whether to remand the matter to the state court. *See Driggers v. Exchange Parts (In re Exchange Parts)*, 138 B.R. 585, 586 (Bkrtcy. W.D.Ark.1992); *Smith v. City of Picayune*, 795 F.2d 482 (5th Cir.1986). Both Texas Commerce Bank and Texas Gulf Trawling argue in their motions to reconsider that this Court lacks the authority to remand the adversary sua sponte on procedural grounds after the 30–day expiration period. *See Federal Deposit Insurance Corporation v. Loyd*, 955 F.2d 316 (5th Cir.1992); *In re Allstate*, 8 F.3d 219, 222–23 (5th Cir.1993). In this adversary, however, the Court's decision whether to remand is not based on a procedural defect, so the 30–day restriction against the court's ability to raise the issue sua sponte does not apply.

The question, accordingly, is whether this Court should, upon its own motion, remand this adversary to the state court on equitable grounds under § 1452(b). There are two reasons why the Court is raising this issue at this time: (1) because of the recent motions to reconsider remand orders filed by Texas Gulf Trawling and Texas Commerce Bank; and (2) because of the additional information the Court has acquired regarding the underlying lawsuit in addressing the motions for summary judgment filed by those two parties.

■ In evaluating whether to remand, the Court has considered the following factors: (1) the convenience of the forum; (2) the presence of non-debtor parties; (3) whether the case should be tried as a whole in state court; (4) the duplicative and uneconomic effect of judicial resources in two forums; (5) the lessened possibility of inconsistent results; (6) whether the state court would be better able to handle issues of State law; (7) the expertise of the Bankruptcy Court; (8) the degree of relatedness or remoteness to the main bankruptcy case; (9) prejudice to involuntarily removed parties; (10) whether the case involves forum shopping; (11) the burden on the Bankruptcy Court's docket; and (12) considerations of comity. *See Browning*, 743 F.2d at 1077 n. 21; *In re U.S. Brass Corp.*, 173 B.R. 1000, 1005 (Bankr. E.D.Tex.1994).

■ After reviewing the evidence and the arguments of counsel as well as the pleadings and the briefs on file herein, the Court concludes that the equities of this lawsuit clearly support remand under § 1452(b). All of the parties are Texas citizens. The only connection between this adversary proceeding and the bankruptcy proceedings is through the Third Party Plaintiffs, Ciclon Negro, Inc., and Don Vicente Macias, Inc. With the exception of these two parties, all the other participants are non-debtor parties. In addition, all the parties in the adversary including the debtors, with the exception of Texas Commerce Bank, were amenable to litigating the lawsuit in the 103rd Judicial District Court of Cameron County, Texas. Texas

Commerce Bank initiated removing the lawsuit to the United States Bankruptcy Court, but only after it had submitted itself to the jurisdiction of the 103rd Judicial District Court and filed an original answer and motion to dismiss.

The degree of relatedness between the adversary and the bankruptcy proceedings is also a factor in this Court's decision. The main focus of the adversary is the counter-claims by the Defendants and Third Party Plaintiffs, which are based upon state tort claims. None of the causes of action asserted by the parties against each other arise under title 11. At best, this court only has "related to" subject matter jurisdiction over these claims because conceivably the outcome could have an effect on the bankruptcy estate. *See In re Wood,* 825 F.2d 90, 97 (5th Cir.1987). Any recovery by the Third Party Plaintiffs could increase the value of the bankrupt estates. However, the Court feels that any probability of success and potential contribution of recovery to the bankrupt estates at this point in time is not significant enough to disallow remand.

Furthermore, the Counter Plaintiffs have demanded a jury trial and do not consent to the entry of a final judgment by the United States Bankruptcy Court nor to trial by jury in Bankruptcy Court. The Court concludes that the jury trial demand was timely made and was not waived by the failure of Counter Plaintiffs to file their Motion to Withdraw Reference immediately upon remand. Absent consent of the parties, this Court may not conduct jury trials. *In re Clay,* 35 F.3d 190 (5th Cir.1994). While a jury demand does not make remand automatic, and while in certain cases it is proper and expedient for a United States Bankruptcy Court to keep a case and hear pretrial matters, the Court concludes that those circumstances do not exist in this case.

Moreover, pursuant to 28 U.S.C. § 157(b)(5), this Court lacks subject matter jurisdiction over personal injury tort claims which apparently form the basis for some of the causes of action between these parties. Some of the defendants allege that they were personally injured by the negligence and fraud of the other parties. Thus, the adversary would have to be transferred to the United States District Court if not remanded, thereby additionally increasing the duplicative and uneconomic effect of judicial resources in two federal forums.

Finally, the lawsuit involves primarily state law causes of action, with no unique federal bankruptcy issues. The State trial and appellate courts are absolutely competent to handle the issues surrounding the state law claims in this case. Furthermore, having the state court decide issues solely based on state law would negate the possibility of inconsistent results. Remanding the case to the state court also would place the adversary in a single forum, instead of shuffling the suit between the United States Bankruptcy Court and the United States District Court. Although some portion of the lawsuit may be collateral attack on the Bankruptcy Court's July 14, 1995 Memorandum Opinion, and the December 28, 1995 Court Order, that is not the sole basis of the lawsuit. The state court is perfectly able to look at these memorandum opinions and determine what part, if any, could be res judicata in the instant lawsuit. Therefore, out of considerations of comity and respect for state courts this Court rules that the factors in this lawsuit weigh heavily for remanding the adversary to the 103rd Judicial District Court in Cameron County, Texas.

Accordingly, pursuant to 28 U.S.C. § 1452(b) this Adversary Proceeding is re-

manded to the 103rd Judicial District Court of Cameron County, Texas.