**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No. EC-15-1139-JuDTa |
| ) | |
| ZOYA KOSOVSKA, ) | Bk. No. 14-25893 |
| ) | |
| Debtor. ) | Adv. No. 14-02271 |
| _____ ) | |
| ZOYA KOSOVSKA; LILIYA WALSH, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[*] |
| ) | |
| MAX DEFAULT SERVICES CORP.; ) | |
| FEDERAL NATIONAL MORTGAGE ) | |
| ASSOCIATION; SETERUS, INC., ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |

Argued and Submitted on June 23, 2016
at Sacramento, California

Filed - July 7, 2016

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Michael S. McManus, Bankruptcy Judge, Presiding
_____

Appearances:     Appellants Zoya Kosovska and Liliya Walsh argued
                 pro se; Michael W. Stoltzman of The Ryan Firm
                 argued for appellees Federal National Mortgage
                 Association and Seterus, Inc.[**]
                 _____

Before:  JURY, DUNN, and TAYLOR, Bankruptcy Judges.

_____

     [*] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1.

     [**] Max Default Services Corp. has not participated in this
appeal.

-1-

Chapter 11[1] debtor Zoya Kosovska (Kosovska) and non-debtor Liliya Walsh[2] (Walsh)(collectively, Appellants) removed a state court action alleging claims related to a non-judicial foreclosure to the bankruptcy court on the same day that Kosovska's bankruptcy case was dismissed. Appellees and defendants in the state court action, Seterus, Inc. and Federal National Mortgage Association (collectively, Appellees), moved to remand the matter. The bankruptcy court granted Appellees' motion and awarded them attorneys' fees and costs, finding Appellants did not have an objectively reasonable basis for removal. Appellants filed a motion for reconsideration, which the bankruptcy court denied. This appeal followed.

Appellees contend that Appellants' appeal of the remand order has become moot. Appellants argue it is not moot because the state court had no jurisdiction over the matter while this appeal was pending and the bankruptcy clerk failed to mail a certified copy of the remand order as required by 28 U.S.C. § 1447(c), which allowed the state court to proceed with the case. Appellants are mistaken on both assertions. The state court had jurisdiction over the matter because Appellants did not seek a stay pending appeal. Further, the record shows that the clerk mailed a certified copy of the remand order to the state court.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] Liliya Walsh is the daughter of Zoya Kosovska and Ivan Kosovskiy.

-2-

While this appeal was pending, the state court entered an order sustaining Appellees' demurrers to Appellants' second amended complaint without leave to amend, thus terminating the state court action. Therefore, the state court action no longer exists and cannot be revived. In addition, because Kosovska's chapter 11 case was dismissed there is no longer any case or controversy involving issues regarding the reorganization of the estate. Accordingly, we cannot grant Appellants any effective relief. We thus DISMISS as MOOT this aspect of the remand order on appeal.

Appellants also contend the bankruptcy court erred by awarding Appellees their fees and costs in the amount of $1,459.50. Finding no abuse of discretion, we AFFIRM this aspect of the remand order.

## I.  FACTS[3]

On December 19, 2013, Appellants commenced a civil action against Appellees in the California superior court seeking relief related to non-judicial foreclosure proceedings. The complaint included claims for violation of Cal. Civ. Code § 2924,[4] slander of title and cancellation of instrument. Among other adverse rulings, the state court denied Appellants' request for a preliminary injunction to enjoin the trustee's sale of the underlying property, dissolved the temporary restraining order, and sustained Appellees' demurrers to

---

[3] Many of the background facts are set forth in the bankruptcy court's ruling on the motion to remand.

[4] This statute states the requirements for initiating a non-judicial foreclosure.

-3-

Appellants' complaint.

Due to the pending foreclosure, Kosovska filed a chapter 11 petition on June 2, 2014. Despite the bankruptcy filing, eight days later Appellants filed a second amended complaint in the state court action.

A few months after the filing, the United States Trustee (UST) filed a motion to dismiss Kosovska's bankruptcy case. The bankruptcy court granted the motion by order entered on September 15, 2014. Kosovska did not appeal the dismissal order.

On September 15, 2014, the same day that Kosovska's case was dismissed, Appellants filed a notice of removal under 28 U.S.C. § 1452(a)[5], removing the state court action to the bankruptcy court. At the time of removal, Appellees had multiple motions pending in the state court action, including demurrers to Appellants' amended complaint and a motion to expunge the lis pendens recorded against the underlying property.

On October 14, 2014, Appellees moved to remand the action back to the state court on the grounds that Appellants' removal was untimely and the bankruptcy court lacked jurisdiction over the state court action since Kosovska's underlying bankruptcy case had been dismissed. Appellees also argued that they were entitled to an award of their attorneys' fees and costs because

---

[5] The statute provides that "a party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under Section 1334 of this title."

-4-

Appellants had no objectively reasonable basis for removal.

On November 24, 2014, the bankruptcy court granted Appellees' motion, finding: (1) it did not have subject matter jurisdiction over claims not involving the bankruptcy estate (specifically, claims of Walsh, who was not a debtor); (2) Appellants' claims arose solely under state law; (3) it did not have "related to" jurisdiction over the claims as Kosovska's bankruptcy case had been dismissed; (4) there was no basis to retain jurisdiction after the dismissal of the bankruptcy case; (5) equitable remand was proper; and (6) the removal was untimely.

The bankruptcy court further found that neither of the Appellants "had an objectively reasonable basis for removal" and, therefore, awarded Appellees their attorneys' fees and costs incurred in making the motion to remand in the amount of $1,459.50. On January 5, 2015, the court entered an order remanding the state court action back to the state court.

On January 20, 2015, Appellants filed a motion for reconsideration of the remand order. The bankruptcy court denied the motion finding no grounds for reconsideration and concluding that its order granting Appellees' fees and costs was proper. On April 14, 2015, the bankruptcy court entered the order denying Appellants' motion for reconsideration. Appellants filed a timely notice of appeal.

In their responsive brief, Appellees informed the Panel that the state court proceeding had been concluded and argued that the appeal of the remand was moot. The Panel issued a one-judge order regarding mootness which required Appellants to file

a response by November 12, 2015.

On November 16, 2015, Appellants filed a request to extend the time to file a responsive brief regarding the order regarding mootness and preliminary response to the mootness argument (Mootness Brief). There, Appellants argued, among other things, that the state court had no jurisdiction to hear the matter given the appeal to the Panel. Based on this premise, they contended that the state court's decision was void. Appellants further argued that jurisdiction was not returned to the state court because "there is no indication in the record that the clerk of the bankruptcy court ever mailed a certified copy of an order remanding the case to Placer County Superior Court." According to Appellants, the state court never reacquired jurisdiction due to this deficiency.

On December 18, 2015, the Panel issued an order informing the parties that their respective arguments regarding mootness would be determined by the merits Panel. Accordingly, we address the mootness arguments below.

## II.  JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A).  We have jurisdiction under 28 U.S.C. § 158.

## III.  ISSUES

A.  Whether appeal of the bankruptcy court's decision to remand the state court action is moot; and

B.  Whether the bankruptcy court abused its discretion by awarding Appellees their attorneys' fees and costs under 28 U.S.C. § 1447(c).

-6-

## IV. STANDARDS OF REVIEW

We review our own jurisdiction, including questions of mootness, de novo. Ellis v. Junying Yu (In re Ellis), 523 B.R. 673, 676 (9th Cir. BAP 2014) (citing Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs), 339 F.3d 782, 787 (9th Cir. 2003)).

We review an award of fees and expenses for abuse of discretion. Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008). An abuse of discretion evaluation involves a two-prong test; first, we determine de novo whether the bankruptcy court identified the correct legal rule for application. See United States v. Hinkson, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc). If not, then the bankruptcy court necessarily abused its discretion. See id. at 1262. Otherwise, we next review whether the bankruptcy court's application of the correct legal rule was clearly erroneous; we will affirm unless its findings were illogical, implausible, or without support in the record. See id.

## V. DISCUSSION

**A. The appeal of the bankruptcy court's decision to remand is moot.**

We cannot exercise jurisdiction over a moot appeal. United States v. Pattullo (In re Pattullo), 271 F.3d 898, 900 (9th Cir. 2001); GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994). A moot case is one where the issues presented are no longer live and no case or controversy exists. Pilate v. Burrell (In re Burrell), 415 F.3d 994, 998 (9th Cir. 2005). The test for mootness is whether an appellate court can still grant

effective relief to the prevailing party if it decides the merits in his or her favor. Castaic Partners II, LLC v. Daca-Castaic, LLC (In re Castaic Partners II, LLC), __ F.3d ___ (9th Cir. 2016), 2016 WL 2957150, at *2 (9th Cir. May 23, 2016) (citing Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 677 F.3d 869, 880 (9th Cir. 2012). "If it cannot grant such relief, the matter is moot. In a bankruptcy appeal, when the underlying bankruptcy case is dismissed and that dismissal is allowed to become final, there is likely no longer any case or controversy 'with respect to issues directly involving the reorganization of the estate.'" Id.

We conclude that Appellants' appeal of the bankruptcy court's decision to remand the matter to the state court is moot. After the January 2015 remand, Appellants did not seek and obtain stay of the bankruptcy court's order pending resolution of this appeal pursuant to Rule 8007, which would have preserved the status quo. Re Op Group v. ML Manager LLC (In re Mortgs. Ltd.), 771 F.3d 1211, 1215 (9th Cir. 2014). Appellants offer no reason for their failure to seek a stay; we further see nothing in the record supporting that a stay would have been appropriate.

Appellants also argue in their Mootness Brief that the remand portion of the order on appeal is not moot because the bankruptcy court never mailed a copy of the order remanding the matter to the state court, which Appellants argue was a pre-requisite to the state court's reacquisition of jurisdiction over the civil action. 28 U.S.C. § 1447(c) provides that "[a]

-8-

certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." On January 6, 2015, the bankruptcy court issued a "Certificate of Mailing" which states that the "deputy clerk of U.S. Bankruptcy Court for the Eastern District of California" sent a certified copy of the remand order, along with the docket, to the "Placer County Superior Court" on January 6, 2015. Since the statutory requirement under 28 U.S.C. § 1447(c) has been met, Appellants' argument is without merit.

In short, the certified copy of the remand order restored jurisdiction in the state court and allowed it to proceed. Without a stay pending appeal, there was no bar to the state court exercising jurisdiction over the lawsuit. On May 5, 2015, the state court sustained Appellees' demurrers to Appellants' complaint without leave to amend, thus terminating the state court action by order entered on May 29, 2015. Contrary to Appellants' position, this order is not void as the state court had jurisdiction over the matter despite their appeal to the Panel.

Because the state court action has been terminated and cannot be revived, we are unable to grant any effective relief to Appellants by reversing the bankruptcy court's remand order even if it was warranted. Compare Staker v. Jubber (In re Staker), 498 B.R. 391 (10th Cir. BAP 2013) (Table) (finding appeal of remand order moot when after remand state court vacated default judgments and dismissed actions with prejudice). Further, Kosovska's underlying chapter 11 case had

-9-

been dismissed and that dismissal is final. The dismissal demonstrates that there is no longer any case or controversy "'with respect to issues directly involving the reorganization of the estate.'" In re Castaic Partners II, LLC, __ F.3d ___ (9th Cir. 2016), 2016 WL 2957150, at *2 (9th Cir. May 23, 2016). Accordingly, Appellants' appeal of the bankruptcy court's decision to remand the matter is moot and must be dismissed.

**B. The bankruptcy court did not abuse its discretion in awarding Appellees their attorneys' fees and costs in obtaining the Remand Order.**

Unlike the bankruptcy court's decision to remand, its award of attorneys' fees and costs to Appellees is not moot because we may give Appellants effective relief if we reverse the bankruptcy court's decision. 28 U.S.C. § 1447(c) states in relevant part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Courts have wide discretion to grant attorneys' fees and costs for an improper removal. Billington v. Winograde (In re Hotel Mt. Lassen, Inc.), 207 B.R. 935, 943 (Bankr. E.D. Cal. 1997) (citing Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 447 (9th Cir. 1992)). In exercising this discretion, the court considers the "reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C. § 1447(c)] only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. "Bad faith need not be shown before making a fee award under

-10-

[28 U.S.C.] § 1447(c)." In re Hotel Mt. Lassen, Inc., 207 B.R. at 943 (citing Moore, 981 F.2d at 447).

Here, the bankruptcy court used the objectively reasonable standard when making its decision to award fees and costs. The court made several findings addressing why Appellants did not have an objectively reasonable basis for removal: (1) removal was untimely in violation of Rule 9027(a)(2);[6] (2) nearly nine months lapsed between initiation of the state court action and the removal to this court; (3) there was extensive litigation in state court during the approximately nine months prior to removal; (4) the underlying bankruptcy case had been pending for less than four months prior to dismissal; (5) the bankruptcy case was dismissed only after the UST filed a motion to dismiss; and (6) there was no timely appeal from the order dismissing the underlying bankruptcy case.

The bankruptcy court further noted that Appellants and other family members filed multiple bankruptcies - six cases were filed between Kosovska and her former husband, Ivan Kosovskiy, and four cases were filed by Walsh. These cases were filed without schedules or statements and dismissed. The court

---

[6] Rule 9027(a)(2) states:

If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

-11-

found that all the cases were filed to benefit from the automatic stay and, with the exception of one case, all were dismissed shortly after the filing.

The bankruptcy court also found significant that Walsh was neither a debtor or creditor in the underlying bankruptcy case and that her property interest was never part of the bankruptcy estate. Accordingly, the court noted that it never had subject matter jurisdiction over Walsh's claims against the Appellees.

Although we found the bankruptcy court's decision regarding remand moot, some evaluation of the merits of the remand order is necessary to review an award of attorneys' fees. Moore, 981 F.2d at 447. Here, we conclude that the underlying record supports the bankruptcy court's conclusion that there was no objectively reasonable basis for the removal.

First, contrary to Appellants' arguments that Rule 9027(a)(2)(B) or (C) applied to their notice of removal, only (a)(2)(A) is applicable. Rule 9027(a)(2)(A) states that a notice of removal may be filed 90 days after the order for relief in the case. Appellants did not file the notice of removal until after the 90-day period had expired. Second, Kosovska proceeded in state court for nine months prior to the removal which was precipitated by adverse rulings. See Moore, 981 F.2d at 447 ("[R]ight to remove is waived by acts which indicate an intent to proceed in state court, and that Defendants may not 'experiment' in state court and remove upon receiving an adverse decision.").

Next, even if the removal were timely, the bankruptcy court did not have core or related to subject matter jurisdiction over

-12-

the claims asserted in the removed action since Kosovska's underlying bankruptcy case was in the process of dismissal.  She did not appeal that decision.  Appellants' assertion that the court had jurisdiction because the claims involved property of the estate are without merit.  Upon dismissal, the automatic stay ceased to exist and there was no longer the possibility of a successful reorganization.  See In re Castaic Partners II, LLC, __ F.3d ___ (9th Cir. 2016), 2016 WL 2957150, at *2 (9th Cir. May 23, 2016) (there is likely no longer any case or controversy after dismissal "'with respect to issues directly involving the reorganization of the estate.'").  Further, as the bankruptcy court noted, it did not have jurisdiction over Walsh's claims since her property interest was never part of Kosovska's bankruptcy estate.

Finally, although a finding of bad faith is not required, it is a factor which the bankruptcy court may consider since the court looks to whether Appellants had a good reason to remove the state court action.  28 U.S.C. § 1452(b) authorizes the court to remand claims on "any equitable ground."  This standard is an "unusually broad grant of authority" that "subsumes and reaches beyond all of the reasons for remand under non-bankruptcy removal statutes."  McCarthy v. Prince (In re McCarthy), 230 B.R. 414, 417 (9th Cir. BAP 1999).  The bankruptcy court noted Kosovska's and Walsh's numerous prior bankruptcy filings without schedules or statements, all but one of which were dismissed.  The clear implication is that the filings were made to obtain the benefit of the automatic stay and not for any broader legitimate bankruptcy purpose.  The

-13-

bankruptcy court properly considered Appellants' prior conduct when exercising its discretion to award Appellees their attorneys' fees and costs.

In sum, the bankruptcy court did not abuse its discretion when it awarded Appellees their attorneys' fees and costs in an amount that appears reasonable and clearly is not excessive.

## VI. CONCLUSION

For the reasons stated, the bankruptcy court's decision to remand is DISMISSED as MOOT and the bankruptcy court's decision to award Appellees their attorneys' fees and costs is AFFIRMED.