United States Court of Appeals,

Fifth Circuit.

No. 96-11271

Summary Calendar.

In the Matter of the RUPP & BOWMAN CO., Debtor.

Eugene SCHUSTER, et al., Appellants,

v.

Jeffrey H. MIMS, Trustee, Appellee.

April 8, 1997.

Appeal from the United States District Court for the Northern District of Texas.

Before SMITH, DUHÉ and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Quest Biotechnology, Inc., Eugene Schuster, and Venture Funding, Ltd. (collectively, the "Schuster Parties"), appeal the district court's denial of motions for mandatory abstention and a stay with respect to a bankruptcy court proceeding involving the Rupp & Bowman Co. (the "Debtor"). We dismiss the appeal for want of jurisdiction.

## I.

This action stems from a 1986 transaction between the Schuster Parties and the Debtor in connection with a Chapter 11 proceeding involving AM Diagnostics ("AMD"). The Schuster Parties and the Debtor were involved in bringing AMD out of bankruptcy and subsequently in 1990 entered into a series of related agreements pertaining to the AMD plan of reorganization. The agreements were designed to inject funds into AMD to permit its reorganization and

required that each of the individual Schuster Parties and the Debtor guarantee a portion of the AMD debt. One such agreement, referred to as the Forbearance Agreement, was a promissory note for $500,000 executed in favor of the Debtor as security for a line of credit obtained by certain members of the Schuster Parties.

AMD failed in December 1991, and its primary creditor, Foothill Capital Corporation ("Foothill"), foreclosed on most of AMD's assets. According to the Schuster Parties, the Debtor and Bert Williams, Jr., Debtor's CEO and controlling shareholder, had agreed orally with the Schuster Parties prior to the foreclosure that, in the event AMD failed, the parties would purchase the assets from Foothill and form a new company for their collective benefit. The Schuster Parties contend that the Debtor and Williams breached this oral agreement by taking control of AMD's assets and business for their exclusive benefit.

In April 1994, the Debtor filed suit in Michigan state court against the Schuster Parties, alleging that the latter had defaulted on their obligations under the Forbearance Agreement and seeking to accelerate the entire outstanding balance under the Agreement. In July 1994, the Debtor filed a voluntary chapter 11 petition in bankruptcy court in the Northern District of Texas and sought refund from the Schuster Parties of various preferential transfers, pursuant to 11 U.S.C. § 547(b). The bankruptcy proceeding was converted in February 1995 to a chapter 7 filing; Jeffery Mims was appointed trustee.

Mims amended the Debtor's complaint in October 1995 to include

2

a claim with respect to the Forbearance Agreement—the identical claim alleged in the still-outstanding Michigan case—and a second claim with respect to various other outstanding guarantees executed in connection with the AMD plan of reorganization. The Schuster Parties asserted in bankruptcy court various affirmative defenses and counterclaims to the Forbearance Agreement claim that had been incorporated by the Mims Amendment. These counterclaims are virtually identical to claims the Schuster Parties had filed against the Debtor and others in November 1991 in California federal district court.

In November 1995, the Schuster Parties moved in bankruptcy court for a mandatory abstention of the Forbearance Agreement claim pursuant to 28 U.S.C. § 1334(c)(2). The Schuster Parties argued that abstention was required because the forbearance claim was the subject matter of a pending Michigan case that had been filed previously. The Schuster Parties also requested a stay of proceedings under the "first filed" rule, arguing that the forbearance and guarantee claims were identical to certain claims pending in the California federal court that had been filed previously and had been the subject of extensive discovery and motions.

The bankruptcy court denied both motions in January 1996, the first based upon representations by the Debtor's counsel that he would seek a nonsuit of the Michigan action and the latter because the California federal court had not set a trial date. Upon opposing summary judgment motions with respect to the various

3

bankruptcy claims, the court in June 1996 granted summary judgment in favor of the Schuster Parties on the guarantee count and a partial summary judgment in favor of the Debtor on the Forbearance Agreement count, subject to a trial of the Schuster Parties' affirmative defenses and counterclaims.

In the meantime, the Schuster Parties obtained a September 1996 trial date in the California action and then re-urged their petition in the bankruptcy court for a transfer to California of the entirety of the Forbearance Agreement defenses and related counterclaims. The Schuster Parties at this time also renewed their mandatory abstention motion pertaining to the Michigan action, noting that Mims had been unable to obtain a non-suit of that action.

In August 1996, the bankruptcy court ordered a transfer to California of all of the Forbearance Agreement defenses and counterclaims, except for those pertaining to Mims. Without ruling explicitly on the mandatory abstention motion, the court denied it implicitly by retaining the action and setting an October 1996 trial date in bankruptcy court. The trial date was set after the Schuster Parties filed a notice of appeal to the district court, asking for an emergency stay and review of the bankruptcy court's decisions.

## II.

The Schuster Parties contend that, pursuant to 28 U.S.C. § 1334(c)(2), the bankruptcy court erred in failing to abstain from hearing their Forbearance Guarantee claims that had been pending in

4

Michigan state court since April 1994.  The district court, concluding that the bankruptcy court's abstention order was interlocutory, dismissed the appeal because the Schuster Parties had failed to comply with rule 8003(a) and (c).[1]

Before reaching the merits, we must determine whether we have jurisdiction to review the district court's decision.  Section 1334(d), as amended, provides that "[a]ny decision to abstain or not to abstain made under this subsection *(other than a decision not to abstain in a proceeding described in subsection (c)(2))* is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title...."  28 U.S.C. § 1334(d) (West Supp.1996) (emphasis added).

In contrast, the former section 1334(c)(2), applicable to cases commenced before October 22, 1994, provided that "[a]ny decision to abstain or not to abstain made under this subsection is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title...."  28 U.S.C. § 1334(c)(2) (West 1993), *amended by* 28 U.S.C. § 1334(c)(2), (d) (Supp.1996).  Because the instant case commenced in October 1995, it is uncontested that the amended version of § 1334(d) governs.

The amended § 1334(c)(2) provides,

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising

---

[1]The rule requires a party filing an interlocutory appeal to accompany its notice of appeal with a motion for leave to appeal. Because the Schuster Parties failed to file the required motion, the district court denied leave to appeal and struck the notice of appeal.

> in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court *shall abstain* from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (West Supp.1996) (emphasis added). Accordingly, under this statute, courts must abstain from hearing a state law claim if the following requirements are met: (1) The claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related to a case under title 11 but does not arise under or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court. *See Gober v. Terra + Corp. (In re Gober),* 100 F.3d 1195, 1206 (5th Cir.1996); 28 U.S.C. §§ 1334(c)(2), 157(b)(1).

Because the Schuster Parties brought their motion for mandatory abstention under the amended version of § 1334(c)(2), our jurisdiction, if any, stems from § 1334(d) and must be consistent with §§ 158(d), 1291, and 1292. We agree with the Debtor, however, that § 1334(d) does not provide, on its own, a definitive basis for appellate review. Rather, § 1334(d) confers jurisdiction on this court to review decisions to deny or grant motions for mandatory abstention only if such review is permissible under one or more of § 158(d), 1291, or 1292; it does not address whether an abstention decision is in fact final or interlocutory. To determine whether § 1334(d) permits us to review the bankruptcy court's decision not to abstain, we must enquire, therefore, whether the decision is final or interlocutory.

Not only has no court determined whether, under the amended §§ 1334(c)(2) and (d), a bankruptcy court's decision not to abstain is an interlocutory or final order, but the courts that have addressed the issue with regard to the pre-amendment § 1334(c)(2) have reached differing conclusions, with little or no discussion of reasons.[2] None of these courts has discussed the nature of the mandatory abstention decision within the context of § 1291, either directly or within the judicially-engrafted collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 545-47, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949).

In general, a district court order is appealable under § 1291 if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). Certain collateral orders are reviewable immediately under § 1291 where they (1) determine conclusively the disputed issue; (2) resolve an issue that is separable completely from the merits of the action;

---

[2]*See, e.g., 150 N. Street Assocs. Ltd. Partnership v. City of Pittsfield (In re 150 N. Street Assocs. Ltd. Partnership),* 184 B.R. 1, 6 (Bankr.D.Mass.1995) (noting that the decision under § 1334(c)(1) (permissive abstention) declining to abstain was an interlocutory order and "not technically binding"); *Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.),* 114 B.R. 686, 693 (C.D.Cal.1990) (assuming, without deciding, that it lacked jurisdiction to reconsider a decision not to abstain under § 1292(b)), *aff'd,* 935 F.2d 1071 (9th Cir.1991); *Earle Indus. v. Circuit Eng'g (In re Earle Indus.),* 72 B.R. 131, 135 n. 7 (Bankr.E.D.Pa.1987) ("Clearly, a decision under 28 U.S.C. § 1334(c)(2) to abstain is not reviewable."). *But cf. Holtzclaw v. State Farm Fire & Casualty Co. (In re Holtzclaw),* 131 B.R. 162, 163 (E.D.Cal.1991) (" 'A decision by the bankruptcy court on a question of mandatory abstention is now a final order reviewable on appeal by the district court.' ") (quoting *All Am. Laundry Serv. v. Ascher (In re Ascher),* 128 B.R. 639, 645 (Bankr.N.D.Ill.1991)).

7

(3) effectively would be unreviewable on appeal from a final judgment; and (4) are too important to be denied review. *See Quackenbush v. Allstate Ins. Co.,* --- U.S. ----, ---- - ----, 116 S.Ct. 1712, 1718-19, 135 L.Ed.2d 1 (1996) (citing *Cohen,* 337 U.S. at 545-47, 69 S.Ct. at 1225-26).

We do not agree with the Schuster Parties that the decision not to abstain from hearing the Forbearance Agreement claim that has been pending in Michigan state court since April 1994 satisfies the *Quackenbush* criteria for review under the collateral order doctrine. Although the order arguably satisfies the first two *Quackenbush* criteria—it determines conclusively the disputed issue, and the abstention issue is separable completely from the merits of the action—the order fails to satisfy the third prong.

We see no reason why the decision would be effectively unreviewable on appeal. Unlike the reverse situation in which the bankruptcy court *abstains* and is then bound as a matter of *res judicata* to honor the judgment of the Michigan state court, thus rendering the abstention decision effectively unreviewable on appeal, *see, e.g., Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 12, 103 S.Ct. 927, 935, 74 L.Ed.2d 765 (1983), the instant case poses no such concerns. Rather, once the bankruptcy court renders a final judgment with respect to the Forbearance Agreement claim, the Schuster Parties will be free to appeal that decision and to challenge the appropriateness of the decision not to abstain. Although we acknowledge that delaying review of the abstention decision until such time may cause the

8

Schuster Parties and the Debtor additional litigation-related expenses, we do not view such delays as sufficient to convey jurisdiction under the collateral order doctrine.[3]

Therefore, we lack jurisdiction to entertain the Schuster Parties' appeal of the bankruptcy court's decision not to abstain, and thus we do not reach the merits. Furthermore, because any jurisdiction to consider the bankruptcy court's decision to transfer part of the pending claims to California district court is ancillary to our jurisdiction with respect to the abstention order only, our lack of jurisdiction to hear the abstention appeal necessarily deprives us of jurisdiction to hear the transfer appeal.

The appeal is DISMISSED for want of jurisdiction.

---

[3]*See, e.g., Kershaw v. Shalala,* 9 F.3d 11, 14 (5th Cir.1993). *But cf. A.H. Robins Co., v. Piccinin,* 788 F.2d 994, 1009 (4th Cir.) (noting that "[w]eighty considerations of fairness and efficient judicial administration" counsel in favor of a "relaxed standard of finality" for bankruptcy appeals), *cert. denied,* 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986).