**Susie RAND and Benjamin Rand, et al., plaintiffs,**

v.

**EMPIRE FUNDING CORPORATION, et al., defendants.**

**No. 3:00–CV–61WS.**

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 2, 2000.

Mark I. Burton, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, AL, James Byrnes Grenfell, Grenfell, Sledge & Stevens, Jackson, MS, for plaintiffs.

Janet McMurtray, John Simeon Hooks, Adams and Reese, Jackson, MS, for defendants.

### ORDER REMANDING THIS CAUSE TO STATE COURT

WINGATE, District Judge.

Before the court is the motion of the plaintiffs for mandatory abstention pursuant to Title 28 U.S.C. § 1334(c)(2),[1] for permissive abstention pursuant to Title 28 U.S.C. § 1334(c)(1),[2] and for remand to the Circuit Court of Holmes County, Mississippi, pursuant to Title 28 U.S.C. § 1452(b),[3] or, alternatively, to sever the plaintiff Sara Smith and remand the case to the aforesaid Mississippi court. The defendants, Empire Funding Corporation, T.M.I. Financial, Inc., Home Products, Inc, and Ron Miller have not responded to the plaintiffs' motion.

This action originally was filed in the Circuit Court of Holmes County, Mississippi, and had been pending since April of 1999 when it was removed to this court pursuant to Title 28 U.S.C. § 1452(a)[4] on January 21, 2000, by Empire Funding Corporation and T.M.I. Financial, Inc. (hereinafter the "defendants"), immediately after learning that one of the plaintiffs, Sara Smith, had filed a Chapter 13 bankruptcy petition and received a discharge after the underlying transactions pertaining to this lawsuit had occurred and her claims arose. The defendants also asserted that the defendants Ron Miller and Home Products, Inc., filed a Chapter 7 bankruptcy petition and a Chapter 11 bankruptcy petition, respectively, on January 21, 2000. The defendants contended that the bankruptcy matters involved core proceedings which had to be resolved by the bankruptcy court, and that this case was an integral part of the bankruptcy proceedings. Thus, said defendants in their notice of removal, this case should be transferred to the United States Bankruptcy Court for the Southern District of Mississippi.

1. Title 28 U.S.C. § 1334(c)(2) provides that, "[u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."

2. Title 28 U.S.C. § 1334(c)(1) provides that, "[n]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

3. Title 28 U.S.C. § 1452(b) provides in pertinent part that "[t]he court to which such claim or cause of action is removed [under § 1452(a)] may remand such claim or cause of action on any equitable ground."

4. Title 28 U.S.C. § 1452(a) provides that "[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

The defendants contended initially that this court's jurisdiction over this case was based on Title 28 U.S.C. § 1334(b)[5] (cases relating to a proceeding under Title 11 of the United States Code). However, the defendants have not responded to or otherwise opposed the plaintiffs' motion for abstention, remand and/or severance.

The plaintiffs first note that the bankruptcy petitions of the defendants Ron Miller and Home Products, Inc., have been dismissed voluntarily and the cases closed.[6] Secondly, the plaintiffs contend that the Chapter 13 petition of Sara Smith offers this court no basis for jurisdiction over the instant case. However, say plaintiffs, if this court finds that it has jurisdiction over Sara Smith, then she should be severed and the rest of the plaintiffs remanded to state court.[7]

Inasmuch as the defendants have not responded to the plaintiffs' motions, this court's analysis first shall address whether the basis for this court's jurisdiction as maintained by the defendants is valid.

### "RELATED TO" JURISDICTION UNDER § 1334(b)

The defendants contend that this court has jurisdiction over this case under Title 28 U.S.C. § 1334(b) because this is a case "relating to" the aforementioned bankruptcy proceedings. Ordinarily, this court's analysis of § 1334(b)'s scope would begin by recognizing that Congress intended "to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *See Celotex Corporation v. Edwards*, 514 U.S. 300, 115 S.Ct. 1493, 1499,

131 L.Ed.2d 403 (1995). However, in the instant case there is no bankruptcy estate to be considered. The bankruptcies of Ron Miller and Home Products, Inc., have been dismissed voluntarily, and the matter of Sara Smith is no longer before the bankruptcy court. An action is "related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *See Pacor Inc. v. Higgins*, 743 F.2d 984 (3rd Cir.1984), a decision adopted by the Fifth Circuit in *In re Wood*, 825 F.2d 90 (5th Cir.1987). As stated in *Pacor*, the "usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor*, 743 F.2d at 994. In the instant case there is currently no estate being administered in bankruptcy to which the instant case relates. Therefore, this court finds no basis for "related to" jurisdiction pursuant to Title 28 U.S.C. § 1334(b) and concludes that this case should be remanded to the state court.

### THE PLAINTIFFS' MOTION TO ABSTAIN, OR TO SEVER AND REMAND

This court concludes that it lacks "related to" jurisdiction over the instant case and that the plaintiffs' motion to remand the case to state court should be granted. However, even if it could be shown that such jurisdiction is present in the instant case, this case still should be remanded to the state court for the following reasons.

---

5. Title 28 U.S.C. § 1334(b) provides that, "[n]otwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

6. Ron Miller's Chapter 7 petition was dismissed on March 8, 2000, and the case was closed on May 12, 2000. The Chapter 11 petition of Home Products, Inc., was dismissed on March 6, 2000, and that case was closed on June 8, 2000.

7. According to the plaintiffs' attorney, Sara Smith has no pending bankruptcy matters at this time.

### a. *Mandatory Abstention*

 Section 1334(c)(2) provides for mandatory abstention when the proceeding in question is related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11. Matters "arising under title 11, or arising in a case under title 11" are "core proceedings." *See* Title 28 U.S.C. § 157(b)(1). Proceedings which are "related to" a bankruptcy case are non-core. *In Re Wood,* 825 F.2d at 96–97.

 Section 1334(c)(2) also provides that the district court shall abstain from hearing a related proceeding if an action is already commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Accordingly, under this statute, courts must abstain from hearing a state law claim if the following requirements are met: (1) the claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related to a case under title 11 but does not arise under or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court. *Matter of Rupp & Bowman Company,* 109 F.3d 237, 239 (5th Cir.1997), citing *Gober v. Terra + Corp. (In re Gober),* 100 F.3d 1195, 1206 (5th Cir.1996). All these requirements are present in the instant case. Thus, even if "related to" jurisdiction were present in the instant case, inasmuch as all the requirements for applying mandatory abstention under § 1334(c)(2) are present, this court would have to abstain from hearing this lawsuit.

### b. *Discretionary Abstention*

 Alternatively, under Title 28 U.S.C. § 1334(c)(1), this court has "broad discretion to abstain from hearing state law claims whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'" *Matter of Gober,* 100 F.3d 1195, 1206 (5th Cir.1996), citing *Wood v. Wood (In re Wood),* 825 F.2d 90, 93 (5th Cir.1987) (noting that § 1334(c)(1) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case"). "A court ... may abstain at its discretion from deciding either core or non-core proceedings under § 1334(c)(1) if the interests of justice, comity, or respect for state law so require." *Gober,* 100 F.3d at 1206. Therefore, where "related to" jurisdiction is present, but the grounds for mandatory abstention under § 1334(c)(2) are not, this court still could exercise discretionary abstention under § 1334(c)(1) [8] and the case would be remanded to state court.

### c. *Severance and Remand*

Inasmuch as this court finds no basis for "related to" jurisdiction in this case, there is no reason to consider the plaintiffs' motion to sever Sara Smith. However, even

---

**8.** In *In re Republic Reader's Service, Inc.,* 81 B.R. 422 (Bankr.S.D.Tex.1987), the court set forth twelve factors to consider in determining whether to exercise discretionary abstention as follows:

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of

the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy judge's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Id.* at 429.

if "related to" jurisdiction were present, this court would remand the case without severing Sara Smith. For the reasons previously stated, this court would abstain from hearing this case. Consequently, the matter of whether to sever Sara Smith would be a matter for the state court to decide. *See Hal Ray Owens and Doris Owens v. Chevron, U.S.A., Inc., et al.*, Civil Action No. 3:99–cv–37WS.

Finally, even though this court has determined to remand this case to state court because "related to" jurisdiction is not present, this court would remand the case even if "related to" jurisdiction were present pursuant to Title 28 U.S.C. § 1452(b).

 Title 28 U.S.C. §§ 1452(b) (remand) and 1334(c) (abstention) are kindred statutes. Section 1452(b) favors comity and the resolution of state law questions by state courts, as does section 1334(c)(1). *Twyman v. Wedlo, Inc.*, 204 B.R. 1006, 1019 (Bankr.N.D.Ala.1996). Furthermore, Section 1334(c) encourages, and in certain cases, requires "federal courts to allow state courts to hear state law matters when the only basis for federal jurisdiction is § 1334(b)." *See Thomasson v. AmSouth Bank*, 59 B.R. 997, 1002 (N.D.Ala. 1986). "Section 1334(c) expresses a strong congressional desire that in respect to non-core proceedings the federal courts should not rush to usurp the traditional precincts of the state courts." *Cook v. Griffin*, 102 B.R. 875, 877 (N.D.Ga.1989). Together, sections 1452(b) and 1334(c) strongly evince a congressional policy that, absent countervailing circumstance, the trial of state law created issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of section 1334(b) and the litigation can be timely completed in state court. Because the statutes are similar in purpose and spirit, circumstances which weigh in favor of discretionary abstention or dictate mandatory abstention under the respective subsections of section 1334(c), likewise weigh in favor

of or constrain remand under section 1452(c). *Twyman v. Wedlo, Inc.*, 204 B.R. at 1020.

### *CONCLUSION*

Accordingly, this court finds that it lacks "related to" jurisdiction in the instant case and the matter must be remanded to the Circuit Court of Holmes County, Mississippi. However, even if "related to" jurisdiction applied in the instant case, this court would find that it would be in the interest of justice for this court to abstain pursuant to Title 28 U.S.C. § 1334(c)(1) and to remand this action pursuant to Title 28 U.S.C. § 1452(b) to the state court.