Herbert DUBOSE, et al. Plaintiffs

v.

MERCHANTS AND FARMERS BANK, et al. Defendants

No. CIV.A. 3:01–CV–201WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 21, 2003.

Vicki Slater, Vicki R. Slater, Attorney, Jackson, MS, Charles W. Reed, Jr., Andrew P. Campbell, Campbell, Waller &

Loper, LLC, Birmingham, AL, for Herbert Dubose, Earnestine Dubose, Vanessa Truss, Larry Boyd, Winnifred Boyd, Emma Horton, Clayton Snow, Ozell Landfair, Bobbie Malone, Latonya Haymon, Philisia Banks, Lanelle Rimpson, Helen Holmes, Corey Howard, plaintiffs.

Fred Krutz, III, Daniel J. Mulholland, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, Jessie L. Evans, The Evans Law Firm, Canton, MS, Robert H. Walker, Burr & Forman, LLP, Jackson, MS, for Merchants and Farmers Bank, defendant.

Randy L. Dean, Walter D. Willson, Lana E. Gillon, Wells, Marble & Hurst, Jackson, MS, for Life Insurance of Mississippi, defendant.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before this court is plaintiffs' motion to remand this cause to the Circuit Court of Holmes County, Mississippi. Filed pursuant to Title 28 U.S.C. § 1447(c),[1] plaintiffs' motion to remand charges that defendants Life Insurance Company of Mississippi and Merchants and Farmers Bank improperly removed this case to this federal forum from state court under Title 28 U.S.C. § 1441(a).[2] All of the forty-six (46) plaintiffs in this cause, *Herbert Dubose, et al.,* are resident citizens of Mississippi. Alleging claims of fraudulent scheme, breach of fiduciary duty, violation of Miss.Code Ann. § 83–53–1, et seq.,[3] gross negligence,

---

1. Title 28 U.S.C. § 1447(c) provides in pertinent part that, "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a).... If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

2. Title 28 U.S.C. § 1441(a) states in pertinent part that, "[e]xcept as otherwise expressly

provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3. Mississippi Code Annotated § 83–53–1 states: "The purpose of this chapter is to promote the public welfare by regulating

breach of covenants of good faith and fair dealing, intentional infliction of emotional distress, conversion and civil theft, and usury pursuant to Miss.Code Ann. § 75–17–1, et seq.,[4] plaintiffs' complaint challenges an alleged wrongful and illegal scheme by Merchants and Farmers Bank and Life Insurance Company of Mississippi to assess fraudulent fees and charges in connection with customer financing transactions. Specifically, say plaintiffs, Merchants and Farmers Bank illegally required its customers, usually in connection with making automobile loans, to purchase credit life/credit disability insurance from Life Insurance Company of Mississippi as a condition to procuring financing. Merchants and Farmers Bank, say plaintiffs, charged its customers fees for Vendor's Single Interest insurance premiums, when no such insurance was offered, afforded or in existence.

The named defendants Life Insurance Company of Mississippi and Merchants and Farmers Bank are corporations licensed to do business in Mississippi with their principal places of business located in Mississippi. Since the plaintiffs are also citizens of Mississippi, this court lacks subject matter jurisdiction over this lawsuit under Title 28 U.S.C. § 1332, which requires that all defendants be of diverse citizenship from all of the plaintiffs. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Owen Equipment & Erection Company v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

The defendants, however, do not rely upon diversity of citizenship as their basis for having removed this cause to this federal court; instead, the defendants invoke Title 28 U.S.C. §§ 1331,[5] 1334(b) [6] and 1452(a).[7] Proceeding under these statutes, defendants claim first that plaintiffs' claims are necessarily predicated upon the Antitying provisions of the Bank Holding Company Act Amendments of 1970, Title 12 U.S.C. § 1971, which prohibits tying,

---

credit life insurance and disability insurance. Nothing in this chapter is intended to prohibit or discourage competition which is in the public interest. The provisions of this chapter shall be liberally construed." *American Federated Life Insurance Company v. Dale*, 701 So.2d 809, 810 (Miss.1997).

4. Mississippi Code Annotated § 75–17–1(1) & (2) provide that, "(1) The legal rate of interest on all notes, accounts and contracts shall be eight percent (8%) per annum, calculated according to the actuarial method, but contracts may be made, in writing, for payment of a finance charge as otherwise provided by this section or as otherwise authorized by law. (2) Any borrower or debtor may contract for and agree to pay a finance charge for any loan or other extension of credit made directly or indirectly to a borrower or debtor which will result in a yield not to exceed the greater of ten percent (10%) per annum or five percent (5%) per annum above the discount rate, excluding any surcharge thereon, on ninety-day commercial paper in effect at the Federal Reserve bank in the Federal Reserve district where the lender is located, each calculated

according to the actuarial method. The rate of finance charge authorized under this subsection (2) shall be known as the 'contract rate.' "

5. Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Title 28 U.S.C. § 1334(b) provides that, [n]otwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11 (bankruptcy).

7. Title 28 U.S.C. § 1452(a) provides that, "[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

reciprocity and exclusive dealing arrangements, and prohibits a bank from imposing certain conditional requirements for granting credit to a customer.

Additionally, defendants contend that they were justified in removing this cause from state court to this federal court because the outcome of the instant case might have some bearing upon the Chapter 11 bankruptcy proceedings involving some of the plaintiffs. Specifically, the defendants note that plaintiffs Earnestine Dubose, Lanelle Rimpson, Emma Horton, Vanessa Truss, Larry Boyd, Winnifred Boyd, and Bobbie Malone all have filed for bankruptcy relief in the United States Bankruptcy Court for the Southern District of Mississippi. At the time defendants removed this action to this court, the bankruptcy case of Earnestine Dubose already had been dismissed, and the bankruptcy estate of Emma Horton had been discharged by the bankruptcy court. Thus, those matters were no longer pending. The bankruptcy cases of the remaining five plaintiffs still were pending when this lawsuit was removed to federal court. This court now has learned that the bankruptcy case of Bobby Malone was discharged on February 2, 2002; and that the bankruptcy case of Lanelle Rimpson was closed on March 20, 2002. So, only the bankruptcy cases of Vanessa Truss and Larry and Winnifred Boyd remain open.

In their motion to remand this case to state court, the plaintiffs repudiate defendants' contention that they seek any redress under the Bank Holding Company Act Amendments of 1970. Pointing the court to their complaint, plaintiffs contend that they rely only upon state law causes of action and that their complaint features no claims of federal character cognizable under Title 28 U.S.C. § 1331.

Relative to defendants' reliance upon the bankruptcy status of several of the plaintiffs, plaintiffs note that Title 28 U.S.C. § 1334(a) provides, with one exception, that "the district court shall have original and exclusive jurisdiction of all cases under title 11." *Matter of Walker,* 51 F.3d 562, 568 (5th Cir.1995). That exception is found at Title 28 U.S.C. § 1334(b) which provides that "the district courts shall have original *but not exclusive* jurisdiction of all civil proceedings arising under title 11, or arising in or *related to cases* under title 11." *Arnold v. Garlock, Inc.,* 278 F.3d 426, 434 (5th Cir.2001) (emphasis added). The plaintiffs agree that their state court lawsuit relates to cases in bankruptcy since a few plaintiffs have filed for bankruptcy relief, but they contend that the seven above named plaintiffs who have filed for bankruptcy relief comprise only a small percentage of all the plaintiffs who have sued these defendants in Holmes County, Mississippi, asserting only state law causes of action. Thus, plaintiffs ask this court to exercise its equitable powers in accordance with Title 28 U.S.C. § 1452(b) which provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Plaintiffs contend that these case can be tried in state court and that these cases have no federal character outside of their being related to bankruptcy proceedings.

## CONSOLIDATED CASES

This court recently consolidated the case of *Eva Mae Young v. Merchants and Farmers Bank, et al.,* 3:01-cv-332LN, with the instant case for the purpose of discovery. That lawsuit features two plaintiffs, neither of whom has filed for bankruptcy relief.

This court also has consolidated four additional cases with the lawsuit sub judice, namely, *Reed v. Merchants and Farmers Bank,* 3:02-cv-102WS, before this court (51 plaintiffs, three of whom have

filed for bankruptcy relief); *Williams v. Merchants and Farmers Bank*, 3:02–cv–20LN (30 plaintiffs, two of whom have filed for bankruptcy); and *Potee v. Merchants and Farmers Bank*, 3:02–cv101LN (thirty-nine plaintiffs, three of whom filed for bankruptcy relief), two cases now pending before the Honorable Chief Judge Tom S. Lee; and *Ellis v. Merchants and Farmers Bank*, 3:02–cv–53BN (42 plaintiffs, one of whom has filed for bankruptcy relief) now pending before the Honorable William H. Barbour. Since these cases were consolidated with the lawsuit sub judice on the remand issues, the fate of the outstanding remand motions in these cases necessarily will be decided by the decision reached here.

### FEDERAL QUESTION JURISDICTION

Defendants contend that plaintiffs' claims, while not styled as such, necessarily implicate the Antitying provisions of the Bank Holding Company Act Amendments of 1970, Title 12 U.S.C. § 1971, *et seq.*[8] Plaintiffs, on the other hand, accuse defendants of seeking to rewrite their complaint in order to give the complaint federal character.

■ Under Title 28 U.S.C. § 1441(b), cases filed in state court which arise under the "Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." When a plaintiff moves to remand for lack of federal question jurisdiction, the burden of establishing jurisdiction and the propriety of removal rests upon the defendant. *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362, 365 (5th Cir.1995); and *Dodson v. Spiliada Maritime Corporation*, 951 F.2d 40, 42 (5th Cir.1992). Any doubt as to the propriety of the removal is to be resolved in favor of remand. *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Walters v. Grow Group, Inc.*, 907 F.Supp. 1030, 1032 (S.D.Tex.1995).

■ A plaintiff is the master of his own complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). As such, he may assert state law claims exclusively, even though he would have federal law claims under the same facts, and avoid federal jurisdiction. *Caterpillar*, 107 S.Ct. at 2429, and *Carpenter*, 44 F.3d at 366. This ability of the plaintiff to rely exclusively on state law claims is referred to as the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question appears on the face of the plaintiff's properly pleaded complaint. *Id.*; and *Baker v. Farmers Electric Cooperative, Inc.*, 34 F.3d 274, 278 (5th Cir.1994). Whether a cause of action presents a federal question thus depends upon the allegations of the plaintiff's well-pleaded complaint. *Carpenter*, 44 F.3d at 366. It is this rule which makes the plaintiff the master of the claim and enables the plaintiff to defeat a defendant's opportunity to remove the case to federal court. *Caterpillar*, 107 S.Ct. at 2429; *Avitts v. Amoco Production Company*, 53 F.3d 690, 693 (5th Cir.1995). Moreover, federal jurisdiction cannot be based on any anticipated or inevitable federal defense to the plaintiff's complaint. *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983).

■ An exception to the well-pleaded complaint rule is the "artfully-pleaded

---

**8.** This Act prohibits banks from extending credit, leasing or selling property of any kind, or furnishing any service, or fixing or varying the consideration on the condition or requirement that the customer enter into certain tying arrangements.

complaint." Pursuant to this exception, removal may be proper where the defendant can show that Congress has legislated so as to completely preempt any state law claims in the relevant field of law. *Waste Control Specialists, LLC v. Envirocare of Texas,* 199 F.3d 781, 783 (5th Cir.2000). Without complete preemption, however, the artful pleading doctrine does not apply. *Id.*

 Complete preemption is not present in the instant case. Nothing in the Antitying provisions of the Bank Holding Company Act Amendments of 1970 provide as much. Nor do defendants so contend. In their efforts to meet the burden of proof in the instant case, the defendants merely argue that, notwithstanding the absence of a stated federal cause of action in the plaintiffs' complaint, the overall complaint implicates the provisions of Title 12 U.S.C. § 1971, *et seq.* As earlier stated, this federal statute does not completely preempt the plaintiffs' state law claims. The United States Supreme Court has stated that for complete preemption to exist, the preemptive force of a federal statute must be "so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar,* 107 S.Ct. at 2430, (*Metropolitan Life Insurance Company v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987)). Complete preemption is quite rare and will be found only where it is expressly provided for by statute. *Sam L. Majors Jewelers v. ABX, Inc.,* 117 F.3d 922, 925 (5th Cir.1997). Presently, complete preemption arises only with respect to federal labor relations law and the Employee Retirement Security Act of 1974 (ERISA). *Carpenter,* 44 F.3d at 367 n. 2. Compete preemption simply is not present in the instant case.

### "RELATED–TO" JURISDICTION UNDER TITLE 11 AND ABSTENTION

As earlier stated, defendants' removal of this action from state court to this federal forum was predicated upon the bankruptcy status of Earnestine Dubose, Emma Horton, Bobby Malone, Lanelle Rimpson, Vanessa Truss and Larry and Winnifred Boyd. Only the bankruptcy cases of Vanessa Truss and Larry and Winnifred Boyd remain open.

Section 1334(b) has three subcategories of federal subject-matter jurisdiction relating to bankruptcy proceedings which are referred to as § 1334(b) "arising under" jurisdiction, § 1334(b) "arising in" jurisdiction, and § 1334(b) "related to" jurisdiction. *See In re Menk,* 241 B.R. 896, 905 (9th Cir.BAP (Cal.) 1999). Inasmuch as the instant case neither arises under Title 11, nor arises in a Title 11 proceeding, this court looks to the third subcategory to determine whether the instant case is related to bankruptcy proceedings.

 Within the Fifth Circuit, the test for whether a proceeding properly invokes federal bankruptcy jurisdiction is the same as the Third Circuit's *Pacor* test, namely, whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Canion,* 196 F.3d 579, 585 (5th Cir.1999), referring to *Pacor, Inc. v. Higgins,* 743 F.2d 984 (3rd Cir.1984). The certainty, or even likelihood of such an effect is not a requirement. *Id.* at 587 n. 30. Furthermore, Congress intended "to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex Corporation v. Edwards,* 514 U.S. 300, 115 S.Ct. 1493, 1499, 131 L.Ed.2d 403 (1995). All the parties in the instant case agree that "related-to" subject matter jurisdiction is present with regard

to the bankruptcy cases of Vanessa Truss and Larry and Winnifred Boyd.

■ This court agrees with the plaintiffs that this court lacks "related-to" bankruptcy jurisdiction over the plaintiffs who have discharged or dismissed bankruptcies. Bankruptcy jurisdiction "is designed to provide a single forum for dealing with all claims to the bankrupt's assets." .......... Once this jurisdictional mission has been fulfilled, the jurisdiction conferred by § 1334(b) comes to an end." *In re Import & Mini Car Parts Ltd., Inc.*, 200 B.R. 857, 861 (Bkrtcy.N.D.Ind.1996). After the bankruptcy proceeding has been dismissed, Title 28 U.S.C. § 1334(b) no longer provides a basis for removal of an action to federal court. *Silva v. American Savings*, 145 B.R. 9, 12 (S.D.Tex. 1992).

■ This court also agrees with plaintiffs that this court should not maintain jurisdiction over this lawsuit with its numerous plaintiffs solely because of the bankruptcy status of Vanessa Truss and Larry and Winnifred Boyd. The options available to the court are evident: the court could maintain jurisdiction over the entire case, a decision which would deny the other plaintiffs the state court forum of their choice; the court could sever the claims of the bankruptcy plaintiffs from those of the others, a decision that would impose multiple costs on the parties and occasion the exertion of duplicative efforts by the state court and federal court; or the court could remand this entire lawsuit to state court pursuant to the doctrines of mandatory, permissive and equitable remand. As explained below, this court opts for this third alternative.

■ Title 28 U.S.C. § 1334(c)(2) provides that, "[u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." Accordingly, under this statute, federal courts must abstain from hearing a state law claim if the following requirements are met: (1) the claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding,[9] i.e., it is related to a

---

9. Title 28 U.S.C. § 157 divides matters within the scope of §§ 1334(a) and (b) into "core" and "non-core" proceedings. Bankruptcy courts are given full judicial power over **core proceedings** under Title 28 U.S.C. § 157(b), including, but not limited to, matters concerning the administration of the estate; allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11; counterclaims by the estate against persons filing claims against the estate; orders in respect to obtaining credit; orders to turn over property of the estate; proceedings to determine, avoid, or recover preferences; motions to terminate, annul, or modify the automatic stay; proceedings to determine, avoid, or recover fraudulent conveyances; determinations as to the discharge-ability of particular debts; objections to discharges; determinations of the validity, extent, or priority of liens; confirmations of plans; orders approving the use or lease of property, including the use of cash collateral; orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury

case under title 11 but does not arise *under* or *in* a case under title 11 (emphasis added); (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court. *Matter of Rupp & Bowman Company,* 109 F.3d 237, 239 (5th Cir.1997); and *Gober v. Terra + Corp. (In re Gober),* 100 F.3d 1195, 1206 (5th Cir.1996). All four of these elements are present in the instant case. Thus, notwithstanding the presence of "related to" jurisdiction in the instant case, inasmuch as all the requirements for applying mandatory abstention under § 1334(c)(2) are present, this court should abstain from hearing this lawsuit. *Rand v. Empire Funding Corporation,* 132 F.Supp.2d 497, 502 (S.D.Miss.2000).

 Of course, under the "permissive abstention" doctrine, Title 28 U.S.C. § 1334(c)(1), this court has broad discretion to abstain from hearing state law claims whenever appropriate "in the interest of justice, or in the interest of comity with State courts or respect for State law." See *Wood v. Wood (In re Wood),* 825 F.2d 90, 93 (5th Cir.1987) (noting that § 1334(c)(1) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case"). In the instant case this court has found that mandatory abstention under § 1334(c)(2) applies; however, this court is also persuaded that permissive abstention would lie.

The test for permissive, or discretionary abstention is very similar to the equitable remand doctrine, resulting in an overlap between the two regarding factors for a court to consider. These include: (1) the effect or lack thereof on the efficient ad-ministration of the estate if the court recommends [remand or] abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other non-bankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action. *Chickaway v. Bank One Dayton, N.A.,* 261 B.R. 646, 651–52 (S.D. Miss. 2001); *Searcy v. Knostman,* 155 B.R. 699, 710 (S.D.Miss.1993).

This court is persuaded that abstention will not effect adversely the efficient administration of any bankruptcy estate involved in this case. No Trustee in bankruptcy has appeared to show this court that federal jurisdiction and supervision over this matter would be essential to any related bankruptcy proceedings. In view of the plaintiffs' complaint, which relies wholly on state law claims, this court finds it apparent that state law issues will predominate over any bankruptcy issues. This court finds no real difficulty or any unsettled nature of the applicable state

tort or wrongful death claims. **Non-core proceedings** that are "otherwise related to a case under title 11" may be heard by a bankruptcy judge, but any final order or judgment must be entered by the district judge. Title 28 U.S.C. § 157(c).

law. There is no basis for asserting federal jurisdiction over the case other than § 1334. The degree to which this case is related to or is remote from any proceeding in bankruptcy is not relevant to the state court proceedings. There are no substantive core issues to interfere with the state court's proceedings. Finally, many non-debtor parties are present in this case. Based on all these factors, this court is persuaded that permissive abstention is appropriate.

### REMAND ON EQUITABLE GROUNDS

Section 1452(b) permits "remand on any equitable ground" and is silent about subject matter jurisdiction. Thus, remand authority under § 1452(b) is much broader than under the general federal removal statute, Title 28 U.S.C. § 1447,[10] which permits remand only for defective removal or for lack of subject matter jurisdiction. This broader authority to remand regarding bankruptcy matters is significant since the power to remand bankruptcy matters on "any equitable ground" manifests the legislative reversal by the Congress of the common law rule that a court with jurisdiction must exercise such jurisdiction whenever asked to do so. *In re Hotel Mt. Lassen, Inc.*, 207 B.R. 935, 942 (Bkrtcy. E.D.Cal.1997).[11] "Equitable grounds" justifying a § 1452(b) remand have been found to include inconvenient forum, deference to the expertise of the original forum, and preference for having an entire dispute resolved in one court. *Id.*, 207 B.R. at 942.

Title 28 U.S.C. §§ 1452(b) (remand) and 1334(c) (abstention) are kindred statutes. Section 1452(b) favors comity and the resolution of state law questions by state courts, as does § 1334(c)(1). *Twyman v. Wedlo, Inc.*, 204 B.R. 1006, 1019 (Bankr.N.D.Ala.1996). Furthermore, § 1334(c) encourages, and in certain cases, requires "federal courts to allow state courts to hear state law matters when the only basis for federal jurisdiction is § 1334(b)." *See Thomasson v. AmSouth Bank*, 59 B.R. 997, 1002 (N.D.Ala.1986). "Section 1334(c) expresses a strong congressional desire that in respect to non-core proceedings the federal courts should not rush to usurp the traditional precincts of the state courts." *Cook v. Griffin*, 102 B.R. 875, 877 (N.D.Ga.1989). Together, §§ 1452(b) and 1334(c) strongly evince a congressional policy that, absent countervailing circumstance, the trial of state law created issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of § 1334(b) and the litigation can be timely completed in state court. Because the statutes are similar in purpose and spirit, circumstances which weigh in favor of discretionary abstention or dictate mandatory abstention under the respective subsections of § 1334(c), likewise weigh in favor of or constrain remand under § 1452(c). *Rand v. Empire Funding Corporation*, 132 F.Supp.2d at 503, citing *Twyman v. Wedlo, Inc.*, 204 B.R. at 1020.

---

**10.** Title 28 U.S.C. § 1447(c) provides in pertinent part that, "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a).... If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

**11.** Legislative history clarifies that the Congress was deliberately reversing the general common law rule that courts with jurisdiction must exercise jurisdiction when asked to do so. S.Rep. No. 95–989, 95th Cong. 35 (1978); H.Rep. No. 95–595, 95th Cong. 325 (1977), reprinted in 1978 U.S.C.C.A.N. 5787.

## CONCLUSION

Based on the foregoing, this court finds that the case of *Herbert Dubose, et al. v. Merchants and Farmers Bank, et al.*, Civil Action No. 3:01cv201WS, must be remanded to the Circuit Court of Holmes County, Mississippi, pursuant to Title 28 U.S.C. §§ 1334(b), and 1452(b), so the plaintiffs' motion to remand [item # 5] is granted. The plaintiff's motion to supplement the record [item # 4] is granted and the motion to strike [item # 14] is terminated as moot.

As for the four cases which this court also has consolidated for the determination of the remand issue, *Reed v. Merchants and Farmers Bank*, 3:02–cv–102WS, before this court (51 plaintiffs, three of whom have filed for bankruptcy relief); *Williams v. Merchants and Farmers Bank*, 3:02–cv–20LN (30 plaintiffs, two of whom have filed for bankruptcy); and *Potee v. Merchants and Farmers Bank*, 3:02–cv101LN (thirty-nine plaintiffs, three of whom filed for bankruptcy relief), two cases now pending before the Honorable Chief Judge Tom S. Lee; and *Ellis v. Merchants and Farmers Bank*, 3:02–cv–53BN (42 plaintiffs, one of whom has filed for bankruptcy relief) now pending before the Honorable William H. Barbour, this court finds that their respective motions to remand are well taken and should be granted.

The defendants in each case have responded to the motion to remand with the same jurisdictional argument, that this court has "related-to" jurisdiction over each case. This court finds then that the same grounds for mandatory and permissive abstention, as well as the same grounds for equitable remand, all of which are present in the instant case, are also present in those consolidated cases. Therefore, the consolidated cases shall be remanded to state court by a separate Order incorporating the relevant findings of the instant Memorandum Opinion and Order by reference.